## FLANAGAN *v.* COMPTON.

[No. 13,814.   Filed May 20, 1930.]

*Herbert C. Jones* and *Featherngill & Drybread,* for appellant.

*Cheney & Tolen, D. M. Patrick* and *Charles D. Babcock,* for appellee.

McMahan, J.—Complaint by appellee against appellant. The first paragraph is for $850 alleged to have been received for the use and benefit of the plaintiff. The second paragraph alleges that, in December, 1925, appellant entered into a verbal agreement with appellee whereby the former agreed to sell and to deliver to the latter on August 1, 1926, a 1927 model of a certain automobile at the agreed price of $1,585; that, as security for the performance of said agreement, appellee paid to appellant $850 as part payment for such automobile, but that appellant failed to deliver the automobile pursuant to said agreement. Appellant filed a cross-complaint alleging an executory agreement for the sale of the automobile, and asking a foreclosure of a lien for the unpaid part of the purchase price, together with charges for storage, insurance and other charges growing out of appellee's alleged failure to pay the balance of the purchase price. Each party alleges his readiness, ability and willingness to perform and the refusal of the other party to perform. A trial by the court resulted in judgment in favor of appellee for $950.55, hence this appeal, appellant contending that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law.

The evidence, without conflict, shows that, in November or December, 1925, appellant and appellee entered into an oral agreement whereby the former agreed to sell to the latter an automobile at the agreed price of $1,600, of which $250 was paid at the time. A few days later, appellee paid the further sum of $600. The agreement was to be consummated and the automobile to be delivered to appellee about January 1, 1926.

Appellee contends (and there is evidence to support his contention) that the above-mentioned agreement was, by agreement of the parties, canceled, and that, in lieu of said agreement, the parties agreed that appellant would

sell and appellee would buy a 1927 model of the same automobile, to be delivered in August, 1926. Appellant testifying as a witness denies that there was any agreement other than the one first mentioned. The question as to whether there was a change in the agreement as contended for by appellee was a question of fact. The court found against appellant upon that issue. The testimony of appellee and his wife is sufficient to sustain the finding.

The first agreement not having been in writing, appellant's contention that it could not be canceled and modified by a subsequent parol agreement cannot prevail.

Judgment affirmed.